# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY BURKE, JR., & LINDA BURKE | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:15-cv-3729 |
| | ) | |
| NAVIENT SOLUTIONS, INC. | ) | |
| f/k/a Sallie Mae, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' VERIFIED COMPLAINT

ANTHONY BURKE, JR. and LINDA BURKE ("Plaintiffs"), through their attorneys, allege the following against NAVIENT SOLUTIONS, INC. f/k/a Sallie Mae ("Defendant"):

## INTRODUCTION

1.     Plaintiffs' Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

2.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

3.     Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

4.     Defendant conducts business in the state of Maryland, and therefore, personal jurisdiction is established.

5.     Venue is proper pursuant to 28 U.S.C. 1391(b)(1) as the conduct giving rise to this action occurred in this district, as Plaintiffs reside in this district and Defendant transacts business in this district.

## PARTIES

6.     Plaintiff Anthony Burke, Jr. is a natural person residing in Millers, Maryland.

7.     Plaintiff Lunda Burke is a natural person residing in Millers, Maryland.

8.     Defendant is a business entity with an office located at 2001 Edmund Halley Dr., Reston, Virginia 20190.

9.     Plaintiffs are informed and believe, and thereon allege, that Defendant is a corporation located in Delaware.

## FACTUAL ALLEGATIONS

10.     Plaintiff Linda Burke co-signed on a loan with Defendant for her son Plaintiff Anthony Burke, Jr.

11.     Defendant placed calls to both (443) 375-83xx, Anthony's cellular telephone and (443) 744-99xx, Linda's cellular telephone.

12.     Upon information and good faith belief, based on the frequency, number, nature and character of these calls, Defendant placed them by using an automatic telephone dialing system ("dialer").

13.     Defendant called Plaintiffs to collect an alleged debt.

14.     These calls were for non-emergency purposes.

15.     On September 5, 2014 at or around 11:05 am, Anthony instructed Defendant to stop calling his cell phone.

16.     On October 3, 2014 at approximately 6:20 p.m., Anthony again instructed Defendant to stop calling his cell phone.

17.     On December 11, 2014 at or around 5:01 p.m., Anthony spoke with Defendant's

representative "Nick" and instructed Defendant to stop calling his cell phone.

18.     On September 5, 2014 at or around 7:36 p.m., Linda instructed Defendant to stop calling her cell phone.

19.     Anthony and Linda revoked any consent, actual or implied, for Defendant to use a dialer to call their cell phones.

20.     Defendant continued to use a dialer to call Anthony and Linda's cell phones.

21.     Since September 5, 2014, Defendant used a dialer to call Anthony's cell phone at least two hundred forty-four (244) times.

22.     Since September 5, 2014, Defendant used a dialer to call Linda's cell phone at least one hundred seventy-four (174) times.

23.     Defendant called Plaintiffs multiple times in a single day.

24.     Defendant willfully and voluntarily used a dialer to place these calls.

25.     Defendant intended to use a dialer to place these calls.

26.     Defendant had neither Anthony's nor Linda's prior express consent to use a dialer to place these calls.

<u>COUNT I</u>
<u>DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT</u>

27.     Defendant's actions alleged *supra* constitute numerous violations of the TCPA, entitling Plaintiffs to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

28.     Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiffs to an award of $1500.00 in statutory damages for

each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiffs, ANTHONY BURKE, JR. and LINDA BURKE, respectfully request judgment be entered against Defendant, NAVIENT SOLUTIONS, INC. f/k/a Sallie Mae, for the following:

29. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

30. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

31. All court costs, witness fees and other fees incurred; and

32. Any other relief that this Honorable Court deems appropriate.

Dated: December 7, 2015

By:    /s/ Deborah Van Bergen
     Deborah Van Bergen
     Federal Bar No. 13998
     D. G. Van Bergen, P.A.
     1406 B Crain Hwy S Ste. 104
     Glen Burnie, MD 21061
     Office: 410-863-1012
     E-mail: Debbie@dvblegal.com

## <u>DEMAND FOR JURY TRIAL</u>

PLEASE TAKE NOTICE that Plaintiffs, ANTHONY BURKE, JR. and LINDA BURKE, demand a jury trial in this case.